<hr />

DAVID v. BALMAT.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. OPTION CONTRACT—SPECIFIC PERFORMANCE—INSUFFICIENT COMPLAINT.

In an action for specific performance of an option contract for the sale
of talc and soapstone in and on a particular tract of land, the com-
plaint alleged the contract, which provided that the sale was made sub-
ject to certain specified litigation affecting defendant's right to convey,
and that, if it was not terminated in favor of defendant within the op-
tional time, the option was to be extended until 30 days after the

termination thereof, and alleged that the suit mentioned in the agreement remained undetermined when he tendered performance. *Held*, that a demurrer to the complaint on the ground that it did not state a cause of action was properly sustained.

Appeal from Special Term, St. Lawrence County.

Action by Orrin J. David against David H. Balmat. From a judgment dismissing the complaint on sustaining a demurrer thereto, plaintiff appeals. Affirmed.

The complaint alleges that the defendant on the 8th day of November, 1901, made and delivered to the plaintiff an option or agreement in writing, the material parts of which are as follows:

"I, David H. Balmat, for value received, hereby agree to sell and convey to O. J. David * * * all the right, title and interest which I individually or as trustee have, in and to all the talc, talcous rock and soapstone in and upon all that tract or parcel of land * * * containing about 150 acres, at any time within three months from the date hereof for fifteen thousand dollars, to be paid as hereinafter provided: Such sale to be made subject to the term of a certain lease heretofore given by me to said David and now held by the Union Talc Company, which lease said David is to assume and fulfill on my part; and provided, however, that a certain suit now pending between Mary A. Smith as plaintiff, and myself and others as defendants, has, at the time of the acceptance of this option been fully terminated without restricting my right to convey said premises; and in case said suit is not terminated within said term of three months, then this option may be extended until thirty days after said suit is finally terminated and decree entered therein and right of appeal expired. * * *"

The complaint also alleges "That on or about the 20th day of May, 1902, and before the suit referred to in said option or agreement was terminated, this plaintiff accepted said option to purchase, serving a notice of said acceptance on defendant," and that the plaintiff tendered performance of said agreement on his part, but that the defendant refused to perform said agreement on his part. This action is brought to compel specific performance of said contract.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the complaint dismissed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Earl Bancroft, for appellant.
Ledyard P. Hale, for respondent.

CHASE, J. The complaint having alleged that the suit mentioned in the agreement remained undetermined, the question is presented whether the plaintiff could compel the defendant to convey to him his right, title, and interest individually and as trustee in and to said talc, talcous rock, and soapstone before such termination. Clearly there was nothing to prohibit the defendant from including in the agreement a provision postponing the plaintiff's right to enforce the option until a time subsequent to the final termination of the pending litigation. Such provision in the agreement is for the protection of the defendant, individually and as trustee, as well as the plaintiff. That the right of the plaintiff to insist upon a conveyance under the agreement was expressly postponed until the final termination of the pending litigation, and the time to appeal from the judgment entered therein had fully expired, seems to us to be clear

and certain.   The meaning of the contract is not obscure, ambiguous, or doubtful, and the court was right in sustaining the demurrer.

The judgment should be affirmed, with costs.   All concur.